WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Turner,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-17-00179-TUC-JGZ (JR)<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation (R&R) issued by United States Magistrate Judge Jacqueline Rateau that recommends denying Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 17.) Petitioner filed an objection to the R&R and Respondents filed a response to Petitioner's objection. (Docs. 18, 20.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

//

**DISCUSSION**[1]

Petitioner's objection is untimely because he did not file it within 14-days as required by Rule 72(b)(2) of the Federal Rules of Civil Procedure. Although Petitioner's objection was due on March 11, 2019, he did not mail it until March 14, 2019 and it was not filed with the Court until March 18, 2019. Moreover, Petitioner's objection, which raises essentially the same arguments Petitioner presented to Magistrate Judge Rateau, does not undermine the analysis and proper conclusion set forth in the R&R.[2] For these reasons, the Court will reject Petitioner's objection and adopt the R&R.

Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. See 28 U.S.C. §2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id*. Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue,

---

[1] The factual and procedural history of this case is set forth in the Magistrate Judge's R&R. (Doc. 20.)

[2] The Court disagrees with Respondents that Petitioner failed to present "specific written objections" as required by Rule 72(b)(2). (Doc. 20 at 1.) Although it does not appear that Petitioner objected to all of the Magistrate Judge's recommendations, a fair reading of the objection is that Petitioner objects to the recommendation to deny Grounds One through Three involving *Brady* claims and other issues related to testimony from the criminalist and evidence about the Intoxilyzer used in his case.

- 2 -

as the resolution of the petition is not debatable among reasonable jurists.

IT IS HEREBY ORDERED that:

1. The Report and Recommendation (Doc. 20) to dismiss the Petition is ADOPTED.
2. Petitioner's Objection to the Report and Recommendation (Doc. 18) is OVERRULED.
3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED WITH PREJUDICE.
4. A certificate of appealability is DENIED.
5. The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

Dated this 19th day of August, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge