WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Leonard Turner,

    Petitioner,

v.

Charles L. Ryan, et al.,

    Respondents.

No. CV-17-00179-TUC-JGZ (JR)

**ORDER**

On August 19, 2019, the Court entered an Order adopting Magistrate Judge Jacqueline Rateau's Report and Recommendation (R&R) to dismiss Turner's habeas petition. (Doc. 21.) Now pending before the Court, is Turner's Motion for Reconsideration of that Order. (Doc. 23.) The Court will deny the motion.

Turner asserts three arguments in support of reconsideration: (1) he did not consent to the Magistrate Judge's consideration of his case; (2) he challenges the Court's finding that his Objection to the R&R was untimely filed; and (3) he re-asserts arguments he raised before the Magistrate Judge and in his Objection concerning his claims related to the Intoxilyzer used in his case.

A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cty. v. AcandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv. 7.2(g)(1). Motions for reconsideration should not be used for the purpose of asking a court

"'to rethink what the court had already thought through—rightly or wrongly.'" *Defenders of Wildlife v. Browner,* 909 F.Supp. 1342, 1351 (D. Ariz. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Turner's Motion for Reconsideration is unpersuasive. First, Turner's "consent" to the Magistrate Judge's consideration of his habeas petition is not required. The Court referred the matter to Magistrate Judge Rateau for report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings. (Doc. 4.) *See also* 28 U.S.C. § 636(b)(1). Second, even if Turner's Objection was timely filed, this Court found that Petitioner's arguments raised in his objection did not undermine the Magistrate Judge's analysis and recommendation. (Doc. 21 at 2.) Finally, Turner essentially raises the same arguments that he asserted in his Objection, which the Court considered in adopting the R&R.[1] "A motion for reconsideration is not an appropriate method for an unsuccessful party to rehash arguments previously presented." *Shupe v. Cricket Commc'ns Inc.*, No. CV 12-634-TUC-CKJ, 2013 WL 12114837, at *1 (D. Ariz. Sept. 18, 2013) (internal quotation marks and citations omitted). Accordingly,

IT IS ORDERED that Petitioner's Motion to Reconsider (Doc. 23) is DENIED.

Dated this 11th day of October, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge

---

[1] The Court notes that Turner's Motion for Reconsideration refers to two 2019 airline crashes he contends occurred because software was not updated. Turner did not mention these crashes in his previous filings. He apparently relies on the crashes to underscore his position maintained throughout this litigation that software issues can render machines, like the Intolixyzer used to test his breath alcohol concentration, unreliable. The crashes have no relevance to this case other than for purposes of analogy. Consequently, Turner's reference to the crashes to re-urge an argument he has previously and repeatedly made does not constitute "newly discovered evidence" that would entitle him to reconsideration.